Jin v. Holder

BIA
Hom, IJ
A087 445 663

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

GUANG YU JIN,
> *Petitioner,*

> v.                                    12-689
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Guang Jun Gao, Flushing, NY.

FOR RESPONDENT:            Stuart F. Delery, Acting Assistant
                           Attorney General; Leslie McKay,
                           Assistant Director; Kelly J. Walls,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Guang Yu Jin, a native and citizen of China, seeks review of a February 1, 2012, decision of the BIA affirming the December 1, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which pretermitted her asylum application as untimely, and denied her applications for withholding of removal, and for protection under the Convention Against Torture ("CAT"). *In re Guang Yu Jin*, No. A087 445 663 (B.I.A. Feb. 1, 2012), *aff'g* No. A087 445 663 (Immig. Ct. N.Y. City Dec. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Jin challenges the agency's denial of her asylum application as untimely, asserting that she established changed circumstances excusing her untimely filing. See 8 U.S.C. § 1158(a)(2)(D). Although we lack jurisdiction to review timeliness determinations, *see* 8 U.S.C. § 1158(a)(3), (a)(2)(B), we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D). Jin does not raise such a claim or question, however, but

2

merely disagrees with the agency's fact-finding.  Thus, we lack jurisdiction to review this claim.  *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008).

Jin also challenges the agency's denial of her application for withholding of removal under 8 U.S.C. § 1231(b)(3).  Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  For applications such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.  In this case, the IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably based his credibility finding on inconsistencies in Jin's testimony and documents regarding the political organizations she belonged to in the United States, including discrepancies regarding when she joined these organizations. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C), *Xiu Xia Lin*, 534 F.3d at 167. Jin did not demonstrate how alleged difficulties with interpretation at the hearing contributed to these inconsistencies, and did not provide explanations for her inconsistent statements that any reasonable fact-finder would be compelled to accept. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). The IJ also reasonably noted Jin's failure to provide testimony from any persons in the United States who could corroborate or clarify her political activities. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Finally, the agency did not err in denying Jin's application for protection under CAT, as she did not establish that her past experiences in China constituted torture, or that a person in her particular circumstances would face torture if returned to China. *See* 8 C.F.R. § 1208.18(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004); *Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

4

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk